# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSELIND QUAIR and CHARLOTTE BERNA,<br><br>Petitioners,<br><br>v.<br><br>DENA BEGA, et al.,<br><br>Respondents. | CV F 02 5891 REC DLB<br><br>ORDER GRANTING SANTA ROSA RANCHERIA TACHI-YOKUT TRIBE'S MOTION TO QUASH DEPOSITION SUBPOENA<br>[DOC #177] |

On March 29, 2005, the Santa Rosa Rancheria Tachi-Yokut Tribe ("Tribe") filed the instant motion to quash a deposition subpoena and subpoena for production of documents issued by Petitioners on November 23, 2004. The motion was heard on April 22, 2005, before the Honorable Dennis L. Beck. Laurie L. Quigley and Kirsten Zumwalt appeared on behalf of Respondents. Robert Rhoan, Patrick Guillory and Leah Castella appeared on behalf of Petitioners.

**BACKGROUND**

This action arises out of the June 1, 2000, disenrollment and banishment of Petitioners Roselind Quair and Charlotte Berna ("Petitioners") from the Tribe. On February 3, 2003, Petitioners, pursuant to Section 1303 of the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq., ("ICRA"), filed amended petitions for writ of habeas corpus. Petitioners allege that because the

1  proceedings which resulted in their disenrollment as members of the Tribe and banishment from
2  the Tribe's Rancheria were in violation of their rights guaranteed under ICRA, these actions
3  constituted an unlawful detention and restraint of liberty.
4        On July 26, 2004, the Honorable Robert E. Coyle denied in part and granted in part the
5  parties' cross-motions for summary judgment.  Pursuant to the order, the issues remaining in this
6  action are: (1) whether Petitioners were denied due process; and (2) whether Petitioners were
7  denied a fair trial.
8        In August 2004, Petitioners filed a motion to reopen discovery.  A hearing was held on
9  September 24, 2004, before the undersigned.  Ruling on the motion was deferred pending the
10 outcome of a re-hearing held by the Tribe on Petitioners' disenrollment and banishment.  A re-
11 hearing was held on October 1, 2004, and the Tribe again voted to disenroll and banish
12 Petitioners.
13       On October 29, 2004, the Court held a scheduling conference to consider Petitioners'
14 request to re-open discovery.  An Amended Scheduling Order was issued on December 22, 2004,
15 allowing the re-opening of discovery.
16       Pursuant to the amended scheduling order, Petitioner's noticed a number of depositions,
17 including a deposition under Federal Rule of Civil Procedure 30(b)(6) of the Tribe's person most
18 knowledgeable (PMK) on seven topics.  The PMK notice also included fifteen document
19 requests.
20       The Tribe filed the instant motion on March 29, 2005, and argues that the Tribe's
21 sovereign immunity shields it from this Court's process.  The Tribe contends there has been no
22 waiver of tribal immunity under the Indian Civil Rights Act ("ICRA") and therefore Petitioners
23 cannot pursue discovery against the Tribe.  On April 19, 2005, the parties filed a joint statement
24 regarding the discovery dispute.  Petitioners argue the Tribe's sovereign immunity has been
25 waived under the ICRA for the limited purpose of discovery in a habeas suit.

## **DISCUSSION**

27       Tribal immunity from suit remains intact "absent express and unequivocal waiver of
28 immunity by the tribe or abrogation of tribal immunity by Congress." *Burlington N. R.R. Co.*

*v.Blackfeet Tribe*, 924 F.2d 899, 901 (9th Cir.1991), *cert. denied,* 505 U.S. 1212, 112 S.Ct. 3013, 120 L.Ed.2d 887 (1992).  Petitioners concede that Section 1303 does not provide an "express and unequivocal waiver of immunity."  Indeed, the Supreme Court has held, "[t]he provisions of habeas relief in Section 1303 did not constitute a general waiver of sovereign immunity."  *Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978).  Instead Petitioners urge this Court to find an implied waiver of tribal immunity in section 1303 for the limited purpose of permitting the gathering the information necessary to determine whether the procedural protections provided by the Tribe comport with those required by the ICRA.  Petitioners argue that without such implied waiver, the ICRA is rendered unenforceable.  The Court rejects Petitioners argument.

       The Court does not find and Petitioner has not cited any binding authority finding an implied waiver of tribal immunity under the ICRA.  The decisions in this circuit tend to support the opposite conclusion.  *See United States v. James*, 980 F.2d 1314 (9th Cir, 1992), *cert. denied,* 510 U.S. 838 (1993) [Tribe was immune from process as they possessed tribal immunity at the time the subpeona was served, thereby affirming the district's court's decision to quash the subpoena and request for production of documents]; *see also Bishop Paiute v. County of Inyo*, 291 F.3d 549 (9th Cir. 2002)["this court reaffirms *James* and holds that the Tribe is possessed of sovereign immunity which <u>bars</u> the execution of the warrant"], *vacated and remanded on other grounds* 538 U.S. 701 (2003).

       Petitioner's argue, unpersuasively, that tribal immunity renders ICRA unenforceable.  The Tribe is not and cannot be a Respondent in an ICRA case.  *See Santa Clara Pueblo v. Martinez*, 436 U.S. 49 (1978).  As stated by Judge Coyle in his order granting in part cross motions for summary judgment, the members of the Tribal Council are the proper respondents in this case because they are empowered to end Petitioner's banishment.  The document requests issued to the Tribe with the deposition subpeona are virtually identical to the document requests issued to the individual Respondents.  As the members of the Tribal Council, Respondents represent that they have "combed through their personal files, and the files of the Tribal Council so as to produce documents to Petitioners."  Respondents represent that all documents sensitive to Petitioner's document requests have been produced.  If there are issues regarding the adequacy of

1  the document production, Petitioners can, as they have done, seek Court intervention in the
2  discovery process. Petitioners have failed to identify any relevant information Petitioners could
3  obtain from the Tribe that they cannot obtain from the Respondents. Petitioners' insistence that
4  obtaining discovery from the Tribe itself is essential to their case simply has no merit.
5       Accordingly, because there is no express waiver of immunity by the tribe or abrogation of
6  tribal immunity by Congress under the ICRA and there is no support for an implied waiver of
7  immunity, the Court finds that the Tribe was possessed of tribal immunity at the time the subject
8  subpeonas were served. The Tribe's motion to quash the subject subpoenas is therefore
9  GRANTED.
10      IT IS SO ORDERED.
11 **Dated:   April 28, 2005**                    **/s/ Dennis L. Beck**
   3b142a                                        UNITED STATES MAGISTRATE JUDGE