UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROSELIND QUAIR and CHARLOTTE BERNA, | ) ) ) | 1:02cv5891 REC DLB |
| Petitioners, | ) ) ) ) | ORDER REGARDING PETITIONERS' DOCUMENT REQUESTS TO THIRD PARTY DEPONENTS |
| v. | ) ) | (Document 180) |
| DENA BEGA, et al., | ) ) ) | |
| Respondents. | ) ) | |

On March 29, 2005, third party deponents Beverly Salas, Pamela Ramirez, Bertha Alanis, Ernestine Morales and Anthony Alanis (collectively "Deponents") filed the instant motion to resolve discovery disputes regarding documents requests. The motion was heard on April 22, 2005, before the Honorable Dennis L. Beck. Laurie L. Quigley and Kirsten Zumwalt appeared on behalf of Respondents. Robert Rhoan, Patrick Guillory and Leah Castella appeared on behalf of Petitioners.

**BACKGROUND**

This action arises out of the June 1, 2000, disenrollment and banishment of Petitioners Roselind Quair and Charlotte Berna ("Petitioners") from the Santa Rosa Rancheria Tachi-Yokut Tribe ("Tribe"). On February 3, 2003, Petitioners, pursuant to Section 1303 of the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq., ("ICRA"), filed amended petitions for writ of habeas

1

corpus. Petitioners allege that because the proceedings which resulted in their disenrollment as members of the Tribe and banishment from the Tribe's Rancheria were in violation of their rights guaranteed under ICRA, these actions constituted an unlawful detention and restraint of liberty.

On July 26, 2004, the Honorable Robert E. Coyle denied in part and granted in part the parties' cross-motions for summary judgment. Pursuant to the order, the issues remaining in this action are: (1) whether Petitioners were denied due process; and (2) whether Petitioners were denied a fair trial.

In August 2004, Petitioners filed a motion to reopen discovery. A hearing was held on September 24, 2004, before the Honorable Dennis L. Beck. Judge Beck deferred ruling on the motion pending the outcome of a re-hearing held by the Tribe on Petitioners' disenrollment and banishment. A re-hearing was held on October 1, 2004, and the Tribe again voted to disenroll and banish Petitioners.

On October 29, 2004, Judge Beck held a scheduling conference to consider Petitioners' request to re-open discovery. On December 22, 2004, Judge Beck issued an Amended Scheduling Order allowing the re-opening of discovery.

Pursuant to the Amended Scheduling Order, Petitioner's personally served Deponents with deposition subpoenas requesting the following documents:

1. All documents and things related to the recall of Tribal Council members in 1998 for possible fraud and embezzlement of the Tribal funds.
2. All documents and things related to Petitioner's disenrollment and banishment from the Tribe.

Deponents argue that only two issues remain in this case; (1) whether Petitioners were denied their right to due process; and (2) whether Petitioners were denied their right to a fair trial. Deponents argue that documents related to the recall of Tribal Council members in 1998 are irrelevant to these issues.

Petitioners argue that documents related to the recall of Tribal Council members in 1998 are relevant to the General Council's bias toward Petitioners and the General Council's motive in banishing and disenrolling Petitioners because of their prior involvement in efforts to recall Tribal Council members from their positions in 1998. Petitioners therefore argue the requested documents are relevant to the General Council's ability to provide a fair hearing to Petitioners.

## DISCUSSION

A.   <u>Legal Standard</u>

Federal Rule of Civil Procedure 26(b)(1) provides:

> **1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(I), (ii), and (iii).

Fed.R.Civ.Proc. 26(b)(1).

Petitioners' involvement in the recall of certain Tribal Council Members in 1998 is relevant to the ability of the General Council to provide Petitioners a fair hearing; however, Petitioners have failed to justify their requests for "all documents and things related to the recall" and "all documents and things related to petitioners' disenrollment." The requests are overly broad and therefore will not be enforced. It is not this Court's duty to narrow the discovery requests to that which is relevant. Moreover, the Court has issued an Order requiring Respondents to provide the identity of the individuals recalled since January 1, 1998, and when they were recalled. The circumstances of the recalls and documents related to the recalls, however, are not relevant. Respondents have also been ordered to further respond to discovery

///
///
///

requests regarding Petitioners' disenrollment and banishment.

Based on the foregoing, the documents subpoenas issued to the third party deponents are HEREBY QUASHED.

IT IS SO ORDERED.

**Dated:   May 3, 2005**                                  /s/ Dennis L. Beck
3b142a                                                         UNITED STATES MAGISTRATE JUDGE