# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSELIND QUAIR and CHARLOTTE BERNA,<br><br>Petitioners,<br><br>v.<br><br>DENA BEGA, et al.,<br><br>Respondents. | 1:02cv5891 REC DLB<br><br>ORDER GRANTING RESPONDENTS' MOTION REGARDING DISCOVERY DISAGREEMENTS<br><br>(Document 195) |

On June 9, 2005, Respondents filed the instant motion to resolve discovery disagreements. The parties submitted their joint statement regarding the disagreements on July 1, 2005. Pursuant to Local Rule 78-230(h), the Court determined that the matter could be decided without oral argument.

## BACKGROUND

This action arises out of the June 1, 2000, disenrollment and banishment of Petitioners Roselind Quair and Charlotte Berna ("Petitioners") from the Santa Rosa Rancheria Tachi-Yokut Tribe ("Tribe"). On February 3, 2003, Petitioners, pursuant to Section 1303 of the Indian Civil Rights Act, 25 U.S.C. § 1301 et seq., ("ICRA"), filed amended petitions for writ of habeas corpus. Petitioners allege that because the proceedings which resulted in their disenrollment as

1

x

members of the Tribe and banishment from the Tribe's Rancheria were in violation of their rights guaranteed under ICRA, these actions constituted an unlawful detention and restraint of liberty.

On July 26, 2004, the Honorable Robert E. Coyle denied in part and granted in part the parties' cross-motions for summary judgment. Pursuant to the order, the issues remaining in this action are: (1) whether Petitioners were denied due process; and (2) whether Petitioners were denied a fair trial.

On December 22, 2004, after the Tribe held a re-hearing on October 1, 2004 during which the Tribe again voted to disenroll and banish Petitioners, Judge Beck issued an Amended Scheduling Order allowing the re-opening of discovery.

Pursuant to the Amended Scheduling Order, Respondents propounded Requests for Interrogatories, Set Two, on February 24, 2005, and Requests for Interrogatories, Set Three, on May 19, 2005. The instant motion concerns the responses of Petitioners Berna and Quair to Interrogatories Nos. 2 and 3, Set Two, and Interrogatories Nos. 1 and 2, Set Three. The motion also concerns Petitioner Berna's response to Interrogatory No. 3, Set Three.

## DISCUSSION

A.  Legal Standard

Federal Rule of Civil Procedure 26(b)(1) provides:

> **1) In General.** Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(i), (ii), and (iii).

Fed.R.Civ.Proc. 26(b)(1).

B.  Discovery At Issue

The interrogatories at issue fall into two categories. Interrogatories Nos. 2 and 3, Set Two, request facts supporting Petitioners' contentions that they were denied due process and/or a fair trial during the October 1, 2004, re-hearing. Interrogatories Nos. 1 and 2, Set Three, request

identifying information of Tribal members whom Petitioners contend have threatened/intimidated other Tribal members, or have been threatened/intimidated, regarding the voting on Petitioners' banishment and disenrollment. Interrogatory No. 3, Set Three requests identifying information of any Tribal member who has suffered retribution as a result of their voting. The interrogatories request the name address and telephone numbers of the Tribe members, and the time, date, place and nature of each intimidating act.

In response to Interrogatories Nos. 2 and 3, Set Two, Petitioners set forth 16 "facts." In response to Interrogatories Nos. 1, 2 and 3, Set Three, Petitioners declined to identify any names, etc., of Tribe members, citing a fear of retribution.

C.   Analysis

Respondents contend that Petitioners' listing of 16 "facts" in response to Interrogatories Nos. 2 and 3, Set Two, are nothing more than legal conclusions. Respondents are correct. Although the responses may contain nuggets of facts, they generally read like Petitioners' pleadings. The responses are mostly argument and conclusions of law. For example, Petitioners state that they were not afforded due process and/or a fair trial because Respondents "failed to provide Petitioners with an adequate opportunity to be heard at the rehearing," and "imposed tribal banishment and disenrollment on Petitioner pursuant to an ex-post facto application of Tribal law." As Respondents contend, Petitioners have provided legal conclusions, rather than the facts underlying these legal conclusions.

As to Petitioners' answers to Interrogatories Nos. 1, 2 and 3, Set Three, Respondents argue that Petitioners must provide the requested information or seek a protective order. Petitioners contend that this Court previously determined that the names and identities of Tribal members was private and should be protected.

Petitioners misconstrue this Court's prior holding. At the April 22, 2005, hearing regarding a previous discovery dispute and in the order that followed, the Court indicated that Tribal members would not be forced to reveal their votes since the vote was by secret ballot. The Court said nothing about protecting their identity.

The resolution of these disputes is quite simple.  If the "facts" included in each of the above responses are the *only* facts Petitioners intend to introduce in support of their claims, they need not supplement their responses.  If this is the case, Petitioners will be limited to these "facts" at trial.  If, however, Petitioners wish to introduce additional facts in support of their claims, they SHALL provide supplemental responses to Interrogatories Nos. 1 and 2, Set Two, and Interrogatories Nos. 1, 2 and 3, Set Three, WITHIN TEN (10) days of the date of service of this order.  For example, if Petitioners contend that some members of the General Council behaved in an overtly aggressive manner at several meetings, they must identify these members and identify when such conduct occurred.  Similarly, if Petitioners contend that several members of the General Council have been threatened or intimidated by other General Council members, to the extent this information has been voluntarily disclosed to them, Petitioners must identify the names, etc. of these individuals and the circumstances surrounding the occurrences.

IT IS SO ORDERED.

**Dated:   July 13, 2005**                    **/s/ Dennis L. Beck**
3b142a                                         UNITED STATES MAGISTRATE JUDGE